IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                      CASE NO. 14-09359 (ESL)

HIGOL TERAN RACAMONDE                                       CHAPTER 7

    Debtor

## OPINION AND ORDER

This case is before the court upon the Debtor's *Motion to Vacate and Set Aside Motion Dismissing Case and Reconsideration of Order Denying Said Request*[1] (the "*Motion for Reconsideration*", Docket No. 27) and the *Urgent Motion in Support of Motion for Reconsideration* (the "*Urgent Motion*", Docket No. 28).  All of the Debtor's motions in the instant case were filed by Attorney Armando A. Cardona.

The *Urgent Motion* does not comply with the procedural or substantive requirements of PR LBR 9013-1(a): it does not contain the required certification in LBR 9013-1(a)(1)(A)-(C) nor does it describe the nature of the urgency.  It also contains a 10-day objection language, which renders any urgency moot.  Therefore, the *Urgent Motion* is hereby denied as urgent under PR LBR 9013-1(a), and instead will only be considered as a supplement to the *Motion for Reconsideration*[2].

The Debtor alleges as follows:

[T]he debtor's failure to timely file the Schedules, Statement of Financial Affairs and Means Test Calculation Statement was due to confusion, inadvertence or excusable neglect in that an Extension to file said papers was requested by Motion dated November 30, 2014 (docket No. 12) and an Order granting said extension was entered by this Honorable Court on December 1, 2014 (docket No. 13), which [] stated [] as follows: "Debtor's(s') motion for extension of time to file schedules and statements (docket entry #12) is hereby granted, but limited to twenty one (21) days or seven (7) days prior to the Meeting of Creditors under Section 341 of the Bankruptcy Code, whichever is shorter." [] (docket No. 13); that the Meeting of Creditors was continued to January 15, 2015 at 1:30 P.M. (docket No. 16), which gave rise to a misunderstanding that debtor had until

---

[1] This is the Debtor's second motion for reconsideration considering that he had already filed a first one on January 13, 2015 (Docket No. 21), which the court denied on February 3, 2015 (Docket No. 23).

[2] The *Urgent Motion* does not contain any additional facts or legal arguments from the ones stated in the *Motion for Reconsideration*.

-1-

January 8, 2015 (i.e. seven (7) days prior to the (continued) Meeting of Creditors) to file the Schedules, Statement of Financial Affairs and Means Test Calculation Statement; and that debtor was engaged in talks with secured creditor Firstbank for the voluntary surrender of a vacation home located in Río Grande, Puerto Rico (Casa del Mar Walk-Up apartments) which was being foreclosed in Puerto Rico Superior Court and counsel for Firstbank stated as late as December 23, 2014 that said creditor had still not approved the referenced transaction (voluntary surrender), which added to debtor's confusion, given the impression, in debtor's mind, that debtor had to wait for Firstbank's decision whether Firstbank would accept or not the voluntary surrender of the referenced property before filing the Schedules.

*Motion for Reconsideration*, Docket No. 27, p. 1, ¶ 3.

Although the Debtor did not denominate any rule as the springboard for this *Motion for Reconsideration*, because it was filed 18 days after the entry of the *Order* (Docket No. 23) and is grounded on "inadvertence" and "excusable neglect", it will be considered under Fed. R. Civ. P. 60(b)(1), applicable in bankruptcy proceedings through Fed. R. Bankr. P. 9024.

Fed. R. Civ. P. 60(b) seeks to balance the interest in the stability of judgments and orders with the interest in seeing they do not become instruments of oppression and fraud. See Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9024.03 (16th ed. 2015). Hence, "the court may relieve a party ... from a final judgment, order, or proceedings for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[R]elief under Rule 60(b) is extraordinary in nature and [] motions invoking that rule should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).

In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993), the Supreme Court ruled that the determination of what constitutes "excusable neglect" is an equitable one, taking into consideration the following factors: (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the movant acted in good faith; and (4) whether granting the relief will prejudice the opposing party. The Supreme Court concluded that "excusable neglect" is a flexible concept that is not limited to circumstances beyond the control of the movant. Id. at 388. Prior to the Supreme Court's decision in Pioneer,

the U.S. Court of Appeals for the First Circuit (the "First Circuit") had ruled that Fed. R. Civ. P. 60(b) was a vehicle for extraordinary relief, and that motions invoking the rule should only be granted under exceptional circumstances. See Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986). Subsequently, in Pratt v. Philbook, 109 F.3d 18 (1st Cir. 1997), the First Circuit incorporated the Pioneer doctrine and has sustained it ever since. See United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 24 (1st Cir. 2007); Aja v. Fitzgerald (In re Aja), 441 B.R. 173, 177 (B.A.P. 1st Cir. 2011) (upholding the Pioneer test). The most important factor in this test is the reason for the delay, which requires a statement of the reasons and a satisfactory explanation. See Graphic Communs. Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001); EnvisioNet Computer Servs., Inc. v. ECS Funding LLC, 288 B.R. 163, 166 (D. Me. 2002). No "excusable neglect" can be determined in the absence of unique or extraordinary circumstances. Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009); Haddock-Rivera v. ASUME, 486 B.R. 574, 578 (B.A.P. 1st Cir. 2013), citing Morse v. Earle (In re Earle), 2008 Bankr. LEXIS 3961, 2008 WL 8664763 (B.A.P. 1st Cir. 2008). Trial courts have wide discretion to determine the existence of neglect or lack thereof and whether it was excusable or not. See Graphic Communs. Int'l Union, 270 F.3d at 6-7; $23,000 in U.S. Currency, 356 F. 3d at 165 ("[Trial] courts enjoy considerable discretion in deciding motions brought under Civil Rule 60(b)"); In re Shepherds Hill Development Co., 316 B.R. 406, 418 (B.A.P. 1st Cir. 2004).

"It will generally be found that men who are constantly lamenting their ill luck are only reaping the consequences of their own neglect, mismanagement and improvidence, or want of application". Samuel Smiles as quoted by Frank W. Koger and Roy B. True, The Final Word on Excusable Neglect?, 98 Comm. L.J. 21, 21 (1993). "Failure to comply with court's orders and deadlines ... is not excusable [neglect]. Inadvertent conduct is not automatically a mistake or excusable neglect sufficient to justify relief from judgment under [Fed. R. Civ. P. 60(b)(1)]". Lopez Ithier v. Cadilla Inc., 199 F.R.D. 39, 49 (D.P.R. 2001), citing 10 James WM. Moore, *et al.*, Moore's Federal Practice §§ 60.41 *et seq.* (3rd ed. 1999). Also see 11 Wright, Miller &

Krane, Federal Practice and Procedure § 2858, p. 370 (2012). A counsel's misapprehension of the facts and/or law and/or the extent of an order does not constitute excusable neglect. See *e.g.* Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993) ("a court would abuse its discretion if it were [to use] Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court").

The *Order* in the instant case upon which the Debtor claims confusion and inadvertence is clear: "Debtor's [] motion for extension of time to file schedules and statements (docket entry #12) is hereby granted, but limited to twenty one (21) days or seven (7) days prior to the meeting of creditors under Section 341 of the Bankruptcy Code, **whichever is shorter**." *Order* entered on December 1, 2014 (Docket No. 13, emphasis added). The court finds that Debtor's counsel's misapprehension of said *Order* does not constitute excusable neglect. Therefore, the *Motion for Reconsideration* (Docket No. 27), as supplemented by the *Urgent Motion* (Docket No. 27), is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 6th day of March, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-